**FILED**

**12/28/2020**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

CHARLES JOHNSON,             )   CASE NO. _____ 1:20-cv-3292-TWP-TAB
    Plaintiff,                )
                     )
                     )   **JURY TRIAL DEMAND**
   V.                       )
Sgt. Lappe, Officer Dile,    )
Vanderburgh County Jail, et. al.,  )
    Defendants.              )

# COMPLAINT CIVIL ACTION 42 U.S.C. SECTION 1983
## JURISDICTION & VENUE

1. This is a NEW complaint. The plaintiff has sought to files this complaint on 3 previous occassions, since Oct. 2019, with the Circuit Court of Vanderburgh County. Although an Attorney for the Vanderburgh County Jail had replied to the submission of the complaint and denying, the Circuit Court has not once filed the complaint, to the best of the plaintiff's knowledge, nor made any acknowledgements of receiving the complaint, and has failed to return a filed stamped copy of the complaint.

2. This is a civil action authorized by 42 U.S.C Section

1983 to REDRESS the deprivation under Color of State Law, of Rights secured by the Constitution of the United States. This Court has the jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28. U.S.C. Section 2201 and 2202.

3. The Southern District of Indiana, Indianapolis Division is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## PLAINTIFF

4. Plaintiff, Charles Johnson, pro se, is currently, detained at the New Castle Correctional Facility, 1000 Van Nuys Rd., New Castle, IN 47362-1041. There are no other Plaintiffs. Plaintiff has completed the grievance process regarding the claims contained herein. For the events giving rise in this complaint, the Plaintiff was a detainee at the Vanderburgh County Jail, 3500 N. Harlan Ave. Evansville, IN 47711, and of which the (VCJ) was responsible for Plaintiff's care and custody at all times

## DEFENDANTS

5. Vanderburgh County Jail (VCJ) address is 3500 N. Harlan Ave. Evansville, IN 47711

6. (VCJ) Sheriff Sgt. Lappe address is: 3500 N. Harlan Ave Evansville, IN 47711 (VCJ)

7. (VCJ) Officer Dile address is: 3500 N. Harlan Ave Evansville, IN 47711 (VCJ)

8. Jail Staff, Employees, and agents is (VCJ) 3500 N. Harlan Ave Evansville, IN 47711

9. Sheriff Doe's address is: (VCJ) 3500 N. Harlan Ave Evansville IN 47711

10. Each defendant is being sued individually and in his or her's official capacity. At all times mentioned in this complaint each Defendant under the color of State Law and United States Law. In that all defendants was at all times relevant and responsible for the care, safety and security of the Plaintiff, in his or her's individual and official capacity was responsible for the negligent, use of excessive force involving the discharging of a pepper ball gun indiscriminately into an overcrowded 8 man cell, which continously housed 10 inmates, allowing Plaintiff to be unnecessarily subjected to inhumane treatment, cruel and unusual punishment, caused by the use of excessive force, while being an innocent bystander, for about an hour without proper care, with hate and malicious intent and reckless disregard for Plaintiff's pain and suffering.

## III. NATURE OF THE CASE

This is a Tort Complaint filed against Defendants in their official and individual capacities for their negligence while Plaintiff was a detainee of The Vanderburgh County Jail, from around 4-5-19 to about June, of 2019. I was housed in cell block B4 cell G1, (B4G1), an over crowded 8 man cell, for about a year. Where they kept 10 men in the cell continuously. Plaintiff had to endure injuries, strife and hardships from this overcrowding. On or about Jan 14, 2019 Plaintiff was an innocent bystander during the use of Excessive force when a pepper ball gun was shot indiscriminately into (B4G1) causing collateral damage to Plaintiff. During this time Plaintiff was subjected to Inhumane Living Conditions, Use of Excessive Force, and Cruel and Unusual Treatment, which were violations of the Due Process Clause of the 8th and Fourteenth Amendment, of The U.S Constitution and a violation of The Indiana Constitution, Article 1 Section 15 and Section 16 by being subjected to unnecessary rigor and cruel and unusual punishment, Inhumane Treatment and Inhumane Confinement.

Plaintiff seeks compensatory and punitive damages in the amount of 100, 000 dollars for pain and suffering, any attorney or legal fees, filing fees and court cost.

Plaintiff requests that this action be decided by a Jury Trial.

## IV. CLAIMS

1.    While being a detainee of the Vanderburgh County Jail (VCJ), from around 4-5-19 to about June of 2019, was housed in cell block B4, cell G1, (B4G2) and (B4M3) overcrowded 8 man cells which housed 10 men continuously. Plaintiff upon arrival to the (VCJ) was lodged for 3 days in an overcrowded holding cell. Plaintiff was made to sleep on a concrete slab with no mat, in freezing temperatures. Plaintiff was not allowed to cover up because it

was jail policy to take the blankets in the morning around 5 am and return them after the evening meal around 5pm which was the only bedding issued during this 3 day process. Plaintiff also was served each meal in the same area that the toilet was. Plaintiff had to sleep and sit on the floor and/or slab, wherever there was room, in a first come first serve type of scenario, where if you moved you lost your spot. Inmates would track urine from the toilet area. Upon being processed and cleared for housing in general population, Plaintiff was dressed out of his street clothes, given the basic necessities which included a worn out pair of boxers that were considered to be clean yet had visible large poops stains in the rear of the boxers and urine stains in the front of the boxers. Plaintiff wore the same pair of boxers for 10 months before getting an exchange. After this process, Plaintiff was assigned to (B4G1) where I had to at first sleep on the floor next to a table and a phone where I would often be awaken to a loud inmate, having his private parts in my face. Was stepped on often. And hit his head on the table and phone on occasions. Due to confined space Plaintiff had to sleep next to the toilet and shower. "My bedding was often wet from splashes of water from the shower and was not given a blanket in exchange", nor were blankets allowed in the in Pod washers per jail policy. This caused Plaintiff pain, frustration and arguments because it was common for inmates to masturbate during showers. Just outside the shower and less than a foot from His sleeping area, on the floor, was an over flow drain which smelled bad, bugs frequented, and when cleaning agents were applied, maggots appeared in large amounts. The Vanderburgh County Jail violated my Indiana Constitution Rights, Article 1 Section 15 and Section 16,, allowing or forcing Plaintiff to be subjected to unnecessary rigor, inhumane treatment and cruel and unusual punishment. And a Violation of the 8th Amendment and Due Process clause of the Fourteenth Amendment.

2.    On or about Jan. 14, 2019, While being a detainee of the Vanderburgh County Jail, housed in an over crowded 8 man cell which housed 10 inmates continuously, in B4G1, Plaintiff was an innocent bystander receiving injuries during the use of excessive force by Vanderburgh County's Jail Sheriff, Sgt. Lappe and Officer Dile. During a weekly cell inspection, Sgt. Lappe, became angry and acted in an unprofessional manner. He noticed a surplus of cleaning agents in an approved area and stated that the whole cell was locked down. Lappe refused to hear Inmate Antonio Tolbert, who had sought to explain to him that the cell had permission from the C/O on duty, Sheriff Watson to clean the cell that day before recreation hour. Watson was not only well informed but agreed that the filthy shower was in need of being cleaned. I Charles Johnson, the Plaintiff, in this matter addressed the officer (Watson), myself and got the necessary approval. After Sgt. Lappe, ordered cell B4G1, to be locked down, and after he refused to hear the petitions of Antonio Tolbert, Antonio Tolbert started to try and lighten the mood and frustrations, which were unjust, started making beats on the cell door and making up songs about the situation which had just taken place unjustly. Dile approached the cell and spoke to Tolbert about his actions. Tolbert made statements to Dile about getting the Sgt. to hear his petitions, Dile and Lappe refused to hear Tolbert out. Tolbert continued to be animated. Dile leaves and comes back to ask Tolbert to cuff up out of nowhere, with seemingly no reasoning. Tolbert explains his fear of officer Dile. he explains that in past incidents he was pepper sprayed excessively by Dile for issues that were unfounded. He asked again to speak to Sgt. Lappe, he explained to Lappe that he would cuff up willingly if officer Dile would step away he expressed his distrust and feared for his own health and safety. The situation continued on, Dile, came with a pepper ball gun and fired Indiscriminately into

the over crowded, non-ventilated, 8 man cell, which housed 10 inmates continuously, B4G1. I had feared the worst and previously had started to share Bible Scriptures with Tolbert and had got him to calm down and agree to a peaceful extraction if Lappe would ask Officer Dile to step back with the pepper ball gun, which he feared Dile would fire regardless of what occurred. He was right.  Dile fired with reckless disregard almost a dozen pepper balls indiscriminately into this small non-ventilated area. Where we were left for almost an hour it seemed. I started begging to be let out. I pleaded with the staff to release me from the environment because it became extremely difficult for me to breathe. I fell to the floor, hurt my knee and my back, and started coughing up puddles of blood. Other inmates plead on my behalf as well.  Sheriff's with callous indifference refused to let anyone leave and recorded the latter part of the incident. After a while a team came in and Tolbert was taken into custody. We were sent into the classroom adjacent to the cell for about 30 minutes or so while they packed out the cell. I asked to be seen by the doctor. a nurse gave me a saline rinse for my eyes and I was made to return to cell without it being properly being cleaned. The area was not free of the chemical agents that were put in the air. The effects were felt by new inmates to the cell days later after the cell was cleaned by the jail.  Grievances were filed. This was Excessive Force, Cruel and Unusual Punishment, and Inhumane Treatment and Inhumane Conditions of Confinement in violation of my Indiana Constitution Rights,  Article 1 Section 15 and Section 16. Also in Federal Courts a Violation of the 8th Amendment and  Due Process Clause of the Fourteenth Amendment.

3.    I was refused, by Jail Staff Employees, being callously indifferent to my need for free medical treatment for the breathing issues and injuries sustained that I was having from

the result of being an innocent bystander during the above pepperball gun incident. This was cruel and unusual punishment because I was an innocent bystander to the event and this was collateral damage. This was unusual treatment by the Jail's staff, in violation of the Due Process Clause of the 8th and Fourteenth Amendment, of the U.S. Constitution.

The Defendants of the occurrences in this complaint are active employees and agents of the Vanderburgh County Jail (VCJ), during the dates stated and acting in accordance with their training and failing to follow their training in some instances, in their duty of their job using established policies, practices and administrative rules that caused the herein following constitutional violations and injuries to Charley Johnson and acted with malicious intent, with cruel and unusual punishment and blatantly disregarded the effects they subjected Mr. Johnson to by their actions, while Mr. Johnson was an innocent bystander.

## PRAYER FOR RELIEF

Wherefore, plaintiff respectfully prays that this court enter judgement granting plaintiff; A declaration that the acts and omissions described herein and Plaintiff's declaration violated plaintiff's rights under the Constitution and laws of the United States; Compensatory damages in the amount of $100,000 against each defendant, jointly and severly;

Punitive damages in the amount of up to $20,000 against each defendant;
A jury trial on all issues triable by jury;
Plaintiff cost in this suit, attorney fees, filing fees, court cost and for any relief just and proper in this matter.

## Exhaustion of Administrative Remedies Procedure

The claims in this complaint arose while plaintiff was confined in the Vanderburgh County Jail at 3500 N. Harlan Ave, Evansville, IN 47711. The plaintiff is uncertain as to if the facility has a grievance process. Nor does the Plaintiff know if that process covers any such claims. The Plaintiff did however get on the kiosk and write out a grievance to the administration and did request copies of the grievance. Plaintiff was never spoken to about any remedies. After copies were given to Plaintiff, Lappe addressed the whole cell days later and instructed the cell to file suit. In the grievance Plaintiff alleged that Lappe incited a riot. He acted unprofessional and refused to speak with the Plaintiff to remedy the situation before any actions were taken and injuries sustained

Plaintiff has never brought an action or appeal in a court of the United States.

DATED
12·12·2020

Respectfully Submitted,

Plaintiff, pro se

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true to the best of my recollection, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at the New Castle Correctional Facility, IN on 12-12-20

Charles Johnson

D.O.C. #270530

New Castle Correctional Facility

P.O. Box A

New Castle, IN 47362-1041