UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES JOHNSON, )<br>)<br>                Plaintiff, )<br>)<br>                v. )<br>)<br>LAPPE Sgt., )<br>DILE Officer, )<br>VANDERBURGH COUNTY JAIL, )<br>JAIL STAFF Vanderburgh County Jail, )<br>DOE Sheriff at Vanderburgh County Jail, )<br>)<br>                Defendants. ) | No. 1:20-cv-03292-TWP-TAB |

**Order Screening Complaint,
Dismissing Deficient Claims,
and Directing Issuance and Service of Process**

Plaintiff Charles Johnson ("Mr. Johnson"), an inmate in the Indiana Department of Correction, commenced this 42 U.S.C. § 1983 action on December 28, 2020. Dkt. 1. He has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Dkt. 9. The complaint is now ready for screening.

**I. Screening Standard**

Because Mr. Johnson is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and

its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Mr. Johnson's Complaint

In his complaint, Mr. Johnson names five defendants: (1) Sgt. Lappe; (2) Officer Dile; (3) Vanderburgh County Jail; (4) Jail Staff; and (5) Doe, the Sheriff at Vanderburgh County Jail. Dkt. 1 at 2-3. Mr. Johnson pleads that at all times material to his complaint, he was a detainee in the Vanderburgh County Jail. *Id.* at 2.

The Complaint alleges that while Mr. Johnson was in the Vanderburgh County Jail, he was housed in overcrowded, cold, and unsanitary cells. He often had to sleep on the floor. After he was dressed out of street clothes, he was given a pair of soiled boxer shorts that he had to wear for ten months. On or about January 14, 2019, Mr. Johnson was confined with nine other prisoners in a ten-man cell when one of the inmates created a disturbance. The other inmate declined an order to "cuff up" stating that he was afraid of the guard. Defendant Officer Dile then indiscriminately fired about a dozen pepper balls into the crowded cell, which was unventilated. He and other prisoners remained in the cell for an extended period. Mr. Johnson found it extremely difficult to breathe; fell to the floor, hurt his knee and back, and coughed up blood. Eventually the cell was emptied into an adjacent classroom, where he asked to see a doctor. A nurse gave him a saline rinse for his eyes. The prisoners were returned to their cell after a half-hour, but the cell still contained the remnants of the pepper spray and remained that way for several days. Subsequently Mr. Johnson was refused medical treatment for his injuries by "Jail Staff employees."

Mr. Johnson seeks compensatory damages from each defendant.

### III.  Analysis

An excessive force claim **shall proceed** against Officer Dile. A policy claim pursuant to *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), **shall proceed** against the Sheriff of Vanderburgh County. The **clerk is directed** to modify the docket to show that defendant "Doe" is the Sheriff of Vanderburgh County.

If Mr. Johnson was a pretrial detainee when the pepper spray event occurred, his claims shall proceed under the Fourteenth Amendment on an objective reasonableness standard. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. Aug. 10, 2018) (applying objective unreasonableness inquiry to pretrial detainee's claims). If Mr. Johnson was a convicted offender at the time, his claims shall proceed under the Eighth Amendment deliberate indifference standard. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

Mr. Johnson also asserts that his rights under the Indiana Constitution were violated. All claims brought pursuant to the Indiana Constitution are dismissed because there is no private right of action for monetary damages under the Indiana Constitution. *Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006); *see also McIntire v. Franklin Twp. Cmty. Sch. Corp.*, 15 N.E.3d 131, 137 (Ind. Ct. App. 2014).

All other claims are **dismissed** for failure to state a claim upon which relief can be granted. "Jail staff" does not identify a *person* subject to suit under § 1983. *West v. Atkins*, 487 U.S. 42 (1988). No conduct alleged to have violated Mr. Johnson's constitutional rights is alleged to have been committed by Sgt. Lappe. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th

Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")) And Indiana county jails are not suable entities. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) (Indiana municipal police departments and jails "are not suable entities."). The **clerk is directed** to terminate from the docket defendants Sgt. Lappe, Vanderburgh County Jail, and Jail Staff.

The above summary of viable § 1983 claims, and viable state law claims, are the only viable claims identified by the Court in Mr. Johnson's complaint. If Mr. Johnson believes the Court has overlooked a claim and/or defendant, he shall have through **May 10, 2021**, in which to file a motion to reconsider bringing such matters to the Court's attention.

### IV. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants Officer Dile and Sheriff of Vanderburgh County in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED**.

Date: 4/12/2021

                                            Hon. Tanya Walton Pratt, Chief Judge
                                            United States District Court
                                            Southern District of Indiana

Distribution:

Charles Johnson
270530
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Officer Dile
c/o Vanderburgh County Sheriff's Office or Jail
3500 N. Harlan Avenue
Evansville, IN  47711

Sheriff of Vanderburgh County
c/o Vanderburgh County Sheriff's Office or Jail
3500 N. Harlan Avenue
Evansville, IN  47711