United States District Court
Southern District of Indiana
Indianapolis Division

| | |
|---|---|
| CHARLES JOHNSON, ANTONIO TOLBERT, SAVION BERRY, ERIC CRAYTON, LIFE DISMUKE II, XZEREUS DIAMINI, DEONTE HOWARD, MARQUES MCRAE, SEABROOK VINCENT, Plaintiff's | CASE No. 1:20-CV-03292-TWP-TAB |
| | **JURY TRIAL DEMAND** |

v.

Sgt. Derek Lappe, Andrew Dile, Nathan Watson, David Taylor, Brad Traylor, B.G. Traylor-Incident Supervisor, The Vanderburgh County Sheriff, Major Chad Ferguson, Brandon Feller, Quality Correctional Care audits Tabatha Dougherty - (LT. Matt Corn) -

## Amended Complaint Civil Rights Class Action - 42 U.S.C. Sections 1983, 1985(3) and 1986 under Rule 23(b)(2) for declaratory and injunctive relief for the Class

## Jurisdiction & Venue

1. This is an Amended Complaint, that conforms to the evidence submitted by the Defendants, to the Plaintiff, Charles Johnson, Pro Se, via discovery disclosures, on 9-27-2021 and 12-7-2021. The Original Complaint was filed on 12-12-2020. The Plaintiff had sought to file the original complaint on 3 previous occasions since Oct. 2019, with the Circuit Court of Vanderburgh County. Although an Attorney for Vanderburgh County Jail had replied to the submission of the complaint, and denying the complaint as well. The Circuit Court has

Not once filed the complaint, to the best of the Plaintiff's knowledge, nor made any acknowledgements knowledge, nor made any acknowledgements of receiving the complaint, and has failed to return a filed stamped copy of the complaint.

2. This is a civil action authorized by 42 U.S.C. Sections 1983, 1985(3) and 1986 to redress the deprivation under Color of State Law, of Rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff's seek declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.

3. The Southern District of Indiana, Indianapolis Division is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occured.

# PLAINTIFF(s)

4. Plaintiff, Charles Johnson, pro se, is currently, detained at the New Castle Correctional Facility, 1000 Van Nuys R.D. New Castle IN 47362-1041. Plaintiff has completed the grievance process regarding the claims contained herein. For the events giving rise in this complaint, the Plaintiff was a pretrial detainee at the Vanderburgh County Jail, 3500 N. Harlan Ave, Evansville, IN 47711 and of which the Vanderburgh County Sheriff was responsible for the Plaintiffs care, and safety, and custody at all times relevant.

5. Plaintiff, Antonio Tolbert, is currently detained at the CIF Correctional Facility, with an EPRD of 5-18-23. For the events giving rise in this complaint, the Plaintiff was a pretrial detainee at the Vanderburgh County Jail, 3500 N. Narlan Ave, Evansville IN 47711, and of which the Vanderburgh County Sheriff was responsible for the Plaintiff's care, safety, and custody at all times relevant.

6. Plaintiff, Savion Berry, was recently last known to be detained at Branchville Correctional Facility with an EPRD of 5-09-22. For the events giving rise in this complaint, the Plaintiff was a pretrial detainee at the Vanderburgh County Jail, 3500 N. Narlan Ave, Evansville IN 47711, and of which the Vanderburgh County Sheriff was responsible for the Plaintiff's care, safety, and custody at all times relevant.

7. Eric Crayton, Plaintiff, who current LKA, is Homeless. For the events giving rise in this complaint, was a pretrial detainee at the Vanderburgh County Jail, 3500 N. Narlan Ave, Evansville IN 47711, and of which the Vanderburgh County Sheriff was responsible for the Plaintiff's care, safety, and custody at all times relevant.

8. Plaintiff, Life Dismuke, II, whose LKA is 1028 Covert, Evansville IN 47714. For the events giving rise in this complaint, the Plaintiff was a pretrial detainee at the Vanderburgh County Jail, 3500 N. Narlan Ave, Evansville IN 47711, and of which the Vanderburgh County Sheriff was responsible for the Plaintiff's care, safety, and custody at all times relevant.

9. Plaintiff, Xzereus Djamini, who is currently on parole in Indianapolis. For the events giving rise in this complaint, the Plaintiff was a pretrial detainee at the Vanderburgh County Jail, 3500 N. Narlan Ave., Evansville IN 47711, and of which

the Vanderburgh County Sheriff was responsible for the Plaintiff's care, safety and custody at all times relevant.

10. ~~Plaintiff, Deonte Howard~~

10. Plaintiff, Deonte Howard, who currently resides at 1921 S. Elliott, Evansville IN 47713. For the events giving rise in this complaint, the Plaintiff was a detainee at the Vanderburgh County Jail 3500 N. Narlan Ave, Evansville IN 47711 and of which the Vanderburgh County Sheriff was responsible for the Plaintiff's care, safety, and custody all all times relevant.

11. Marquis McRae, Plaintiff, was recently LKA to be detained at Branchville Correctional Facility. For the events giving rise in this complaint the Plaintiff was a detainee at the Vanderburgh County Jail, 3500 N. Narlan Ave, Evansville IN 47711, and of which the Vanderburgh County Sheriff was responsible for the Plaintiffs care, safety and custody att all times relevant.

12. Seabrook Vincent, Plaintiff, was recently last known to be detained in the Lee Adjustment Center, Kentucky. For the events giving rise in this complaint, the Plaintiff was a detainee at the Vanderburgh County Jail, 3500 N. Narlan Ave., Evansville IN 47711 and of which the Vanderburgh County Sheriff was responsible for the Plaintiffs care, safety, and custody at all times relevant.

# DEFENDANTS

13. Sgt. Derek Lappe, address is: 3500 N. Harlan Ave., Evansville IN 47711

14. Andrew Dile, address is: 3500 N. Harlan Ave. Evansville IN 47711

15. Nathan Watson, address is: 3500 N. Harlan Ave Evansville IN 47711

16. David Taylor, address is: 3500 N. Harlan Ave Evansville IN 47711

17. Brad Traylor, address is: 3500 N. Harlan Ave Evansville IN 47711

18. B.G. Traylor, address is: 3500 N. Harlan Ave Evansville IN 47711

19. The Vanderburgh County Sheriff, address is: 3500 N. Harlan Ave Evansville IN 47711

20. Jail Commander, Major Chad Ferguson address is: 3500 N. Harlan Ave Evansville IN 47711

21. Sgt. Brandon Feller, address is: 3500 N. Harlan Ave Evansville IN 47711

22. Quality ~~Care~~ Correctional Care address is: 3500 N. Harlan Ave Evansville IN 47711

23. Tabitha Dougherty, address is: 3500 N. Harlan Ave Evansville IN 47711

24. Each defendant is being sued in their individual and official capacity. Each defendant under the color of State Law and United States Law, was at all times relevant and responsible for the care, safety and security of the Plaintiffs. Each Defendant was negligent in their actions or Failed to act, with regards to all things mentioned in this complaint

## III. NATURE OF THE CASE

This is a Tort Complaint filed against Defendants in their official and individual capacities for their negligence while Plaintiff was a detainee of The Vanderburgh County Jail, from around 4-5-19 to about June, of 2019. I was housed in cell block B4 cell G1, (B4G1), an over crowded 8 man cell, for about a year. Where they kept 10 men in the cell continuously. Plaintiff had to endure injuries, strife and hardships from this overcrowding. On or about Jan 14, 2019 Plaintiff was an innocent bystander during the use of Excessive force when a pepper ball gun was shot indiscriminately into (B4G1) causing collateral damage to Plaintiff. During this time Plaintiff was subjected to Inhumane Living Conditions, Use of Excessive Force, and Cruel and Unusual Treatment, which were violations of the Due Process Clause of the 8th and Fourteenth Amendment, of The U.S Constitution and a violation of The Indiana Constitution, Article 1 Section 15 and Section 16 by being subjected to unnecessary rigor and cruel and unusual punishment, Inhumane Treatment and Inhumane Confinement.

Plaintiff seeks compensatory and punitive damages in the amount of 100, 000 dollars for pain and suffering, any attorney or legal fees, filing fees and court cost.

Plaintiff requests that this action be decided by a Jury Trial.

## IV. CLAIMS

1.    While being a detainee of the Vanderburgh County Jail (VCJ), from around 4-5-19 to about June of 2019, was housed in cell block B4, cell G1, (B4G2) and (B4M3) overcrowded 8 man cells which housed 10 men continuously. Plaintiff upon arrival to the (VCJ) was lodged for 3 days in an overcrowded holding cell. Plaintiff was made to sleep on a concrete slab with no mat, in freezing temperatures. Plaintiff was not allowed to cover up because it

was jail policy to take the blankets in the morning around 5 am and return them after the evening meal around 5pm which was the only bedding issued during this 3 day process. Plaintiff also was served each meal in the same area that the toilet was. Plaintiff had to sleep and sit on the floor and/or slab, wherever there was room, in a first come first serve type of scenario, where if you moved you lost your spot. Inmates would track urine from the toilet area. Upon being processed and cleared for housing in general population, Plaintiff was dressed out of his street clothes, given the basic necessities which included a worn out pair of boxers that were considered to be clean yet had visible large poops stains in the rear of the boxers and urine stains in the front of the boxers. Plaintiff wore the same pair of boxers for 10 months before getting an exchange. After this process, Plaintiff was assigned to (B4G1) where I had to at first sleep on the floor next to a table and a phone where I would often be awaken to a loud inmate, having his private parts in my face. Was stepped on often. And hit his head on the table and phone on occasions. Due to confined space Plaintiff had to sleep next to the toilet and shower. "My bedding was often wet from splashes of water from the shower and was not given a blanket in exchange", nor were blankets allowed in the in Pod washers per jail policy. This caused Plaintiff pain, frustration and arguments because it was common for inmates to masturbate during showers. Just outside the shower and less than a foot from His sleeping area, on the floor, was an over flow drain which smelled bad, bugs frequented, and when cleaning agents were applied, maggots appeared in large amounts. The Vanderburgh County Jail violated my Indiana Constitution Rights, Article 1 Section 15 and Section 16,, allowing or forcing Plaintiff to be subjected to unnecessary rigor, inhumane treatment and cruel and unusual punishment. And a Violation of the 8th Amendment and Due Process clause of the Fourteenth Amendment.

2.    On or about Jan. 14, 2019, While being a detainee of the Vanderburgh County Jail, housed in an over crowded 8 man cell which housed 10 inmates continuously, in B4G1, Plaintiff was an innocent bystander receiving injuries during the use of excessive force by Vanderburgh County's Jail Sheriff, Sgt. Lappe and Officer Dile. During a weekly cell inspection, Sgt. Lappe, became angry and acted in an unprofessional manner. He noticed a surplus of cleaning agents in an approved area and stated that the whole cell was locked down. Lappe refused to hear Inmate Antonio Tolbert, who had sought to explain to him that the cell had permission from the C/O on duty, Sheriff Watson to clean the cell that day before recreation hour. Watson was not only well informed but agreed that the filthy shower was in need of being cleaned. I Charles Johnson, the Plaintiff, in this matter addressed the officer (Watson), myself and got the necessary approval. After Sgt. Lappe, ordered cell B4G1, to be locked down, and after he refused to hear the petitions of Antonio Tolbert, Antonio Tolbert started to try and lighten the mood and frustrations, which were unjust, started making beats on the cell door and making up songs about the situation which had just taken place unjustly. Dile approached the cell and spoke to Tolbert about his actions. Tolbert made statements to Dile about getting the Sgt. to hear his petitions, Dile and Lappe refused to hear Tolbert out. Tolbert continued to be animated. Dile leaves and comes back to ask Tolbert to cuff up out of nowhere, with seemingly no reasoning. Tolbert explains his fear of officer Dile. he explains that in past incidents he was pepper sprayed excessively by Dile for issues that were unfounded. He asked again to speak to Sgt. Lappe, he explained to Lappe that he would cuff up willingly if officer Dile would step away he expressed his distrust and feared for his own health and safety. The situation continued on, Dile, came with a pepper ball gun and fired Indiscriminately into

the over crowded, non-ventilated, 8 man cell, which housed 10 inmates continuously, B4G1. I had feared the worst and previously had started to share Bible Scriptures with Tolbert and had got him to calm down and agree to a peaceful extraction if Lappe would ask Officer Dile to step back with the pepper ball gun, which he feared Dile would fire regardless of what occurred. He was right. Dile fired with reckless disregard almost a dozen pepper balls indiscriminately into this small non-ventilated area. Where we were left for almost an hour it seemed. I started begging to be let out. I pleaded with the staff to release me from the environment because it became extremely difficult for me to breathe. I fell to the floor, hurt my knee and my back, and started coughing up puddles of blood. Other inmates plead on my behalf as well. Sheriff's with Deliberate ~~callous~~ indifference refused to let anyone leave and recorded the latter part of the incident. After a while a team came in and Tolbert was taken into custody. We were sent into the classroom adjacent to the cell for about 30 minutes or so while they packed out the cell. I asked to be seen by the doctor. a nurse gave me a saline rinse for my eyes and I was made to return to cell without it being properly being cleaned. The area was not free of the chemical agents that were put in the air. The effects were felt by new inmates to the cell days later after the cell was cleaned by the jail. Grievances were filed. This was Excessive Force, Cruel and Unusual Punishment, and Inhumane Treatment and Inhumane Conditions of Confinement in violation of my Indiana Constitution Rights, Article 1 Section 15 and Section 16. Also in Federal Courts a Violation of the 8th Amendment and Due Process Clause of the Fourteenth Amendment.

3.      I was refused, by Jail Staff Employees, being ~~callously~~ Deliberately indifferent to my need for free medical treatment for the breathing issues and injuries sustained that I was having from

the result of being an innocent by stander during the above pepper ball gun incident. This was cruel and unusual punishment because I was an innocent bystander to the event and this was collateral damage. This was unusual treatment by the Jail's staff, in violation of the due process clause of the Eighth and Fourteenth Amendment of the U.S. Constitution.

The Defendants at the occurences in this complaint are active employees and agents of the Vanderburgh County Jail (VCJ), during the dates stated and acting in accordance with their training and failing to follow their training in some instances, in their job using established policies, practices and administrative rules that caused the herein following constitutional violations and injuries to Charles Johnson, other Plaintiff's, and the Class, and acted with malicious intent, with cruel and unusual punishment and blatantly disregarded the affects the subjected Mr. Johnson, all Plaintiff's, and the Class to by their actions or omission of their actions, while Mr. Johnson, all Plaintiff's, were innocent bystanders.

4. Sgt. Derek Lappe conspired with Officer Dile and possibly Nathan Watson to intentionally use excessive force knowing that was stemmed from racial hatred, and a deliberate indifference to the health and safety of the Plaintiff's especially Charles Johnson. The defendants conspired to intentionally subject the Plaintiff's to cruel and unusual punishment, inhumane living conditions and was deliberately indifferent to Johnson's request for medical treatment during and after the course of the incident. In statements given by these Officer's Lappe, Dile and Watson they give an account to this affect. Quoting Officer's Report's:

Lappe's Report paragraph 1 (pg 2) "Other inmates in the cell complied with our orders and also attempted to talk Tolbert into cuffing up.

Lappe's Report page 1 ..... "While inspecting @ G4, I observed Tolbert cover his face with a towel, his hands with socks, and put on extra shirts on for padding. ....

In this moment it is evident that Lappe, in his experience, could see that Antonio Tolbert was prepared to combat the affects of the pepperball gun. No other Plaintiff's made any type of preparations. The affects of the pepper balls had no affect on Tolbert, so why would these officer's make a chose to use this method of resolve if not to harm the rest of the Plaintiff's? Lappe failed to act and intervene. He failed to de-escalate the situation in a manner that would not cause injury to the Plaintiff's knowing the chosen method would have very little to no affect on the alleged intended problem.

Lappe also make mention of Tolberts actions with regards to statements Tolbert made and how he beat on the window. I do not recall the statements Tolbert allegedly made about "You are going to regret that. I'm going back to my old ways, you guys are gonna have problems." as stated by Lappe on Page 1. If the statements were made it would not have warranted the actions by the defendants, because this type of exchange was common and more often tolerated. This statement seems to be made to forward this conspiracy. B4 was known to have guys that would talk wreckless to guards they respected or enjoyed a familiar relationship with over their times housed in the (VCJ). B4 Also house many inmates that beat on the windows and made beats for the FREE STYLE type lyrics. Lappe was no stranger to these actions and has tolerated the same more times than none.

Lappe had a deliberate indifference to Johnson's serious medical condition,

Lappe watched Johnson fall to the floor, start coughing up blood, after begging to be let out the cell before any chemical agent was released into the cell. Johnson complained of not being able to breath during the incident and after the incident. Lappe failed to act by not instructing the medical staff to check Johnson's vitals at bare minimum. They only provided a saline rinse to his eyes Lappe should have told Dile, and any other Ranking officer that may have encouraged the dispersement of the chemical agent on innocent bystanders, after realizing that the alleged assailant, was fully prepared and had taken preventive measures against the affects this method, not to fire any rounds into this overcrowded cell indiscriminately.

5. Officer Dile conspired with Sgt. Derek Lappe and possibly Nathan Watson to intentionally use excessive force knowing that it was stemmed from racial hatred, and a deliberate indifference to the health and safety of the Plaintiff's especially Charles Johnson. Dile had previous use of force situations. One or more with inmate Tolbert. Dile saw an opportunity to forward his hatred through Lappe's hatred toward Johnson, because Lappe had expressed his hatred of Johnson to other inmates, and likewise has shown his racial hatred, to most inmates. Dile likewise, without question, is known to despise non-white offender's on extreme degree more because of the presumed cultural divide's. Dile's actions have always spoken for themselves. The scriptures say "Out of the substance of a Man's heart does he speak". The defendants conspired to intentionally subject the Plaintiff's to cruel and unusual punishment, inhumane living conditions and was deliberately indifferent to Johnson's request for medical treatment

during and after the course of the incident, Dile should have acted, but failed to act when he saw Johnson on the ground gasping for air. He wanted to exterminate Johnson and the rest of the ?'s in cell B4G1.

In statements given by these officer's Dile, Lappe and Watson they give an account to this effect. Quoting Dile's Report:

Dile's Report - Jail Incident Supplement Pg 4 Pg 1
"... Tolbert then Placed a towel over his face and socks on his hands like boxing gloves. Tolbert squirted soapy water on the floor in front of the door and put his mattress over his shoulders. These are common techniques used by inmates when they are going to cause problems"

On the surface this statement seems plausible, credible, and tangible. Coming from an experienced officer such as Dile, but, it is in error, manufactured to cover up negligence that all co-conspirator's knew from the start. Tolbert was scared because of previous altercations and incidents with officer Dile. Plaintiff shows that if he is about to fight he does not put a towel over his face that will restrict his motions. He does not put socks on his hands like boxing gloves to soften his blows and make them ineffective. Nor does he squirt soapy water on the floor knowing he is wearing flip flop sandals and the opposition is wearing All Terrain, Tactical Boots. No way Plaintiff is putting a mattress over his shoulders to fight. It's absurd.

What was evident by all officers, and should have been evident was Tolbert was prepared for whatever they chose to harm him with. He covered his face to ward off the effects of a chemical agent. His hands as well. Extra clothing and water on the floor to ward off the use of any type of electric shocking device. Taser and Shock Sheild. He explained this stuff as he was getting prepared because he knew that regardless of how or when he complied Dile had to feed his hate. Dile loved chaos, it gave him an excuse to do unforgiving things to people. Sure enough it seems like just as poor Tolbert had decided to trust Lappe and Dile, within a flesh, he started to show signs of peaceful resolution, Dile shoots. Plaintiff believes that Tolbert was the only inmate not negatively affected by the actions and omission of actions by all officers who clearly without question knew innocent by standers would be harmed and their rights to be free from cruel and unusual punishment were wreckless ly disregarded. Plaintiff is not Antonio Tolbert. Plaintiff was never around when any other incident with Antonio Tolbert occured. Antonio Tolbert told the whole cell what was bound to happen. He said it happened on a few occasions in the past. I now believe every word Tolbert said. Lappe, Dile and any other officer could have let all Plaintiffs who wanted to leave the cell out. It would not have jeopardize the safety or security of no one except the alleged assailant. Why did they not? The answer is simple. They had become accustomed to B4 being a disruptive pod. Johnson showed these guys the Love of God. Dile and Lappe were bored and incited a riotous type of act. Period.

Who Reprimands people for doing their jobs. Its not the job of inmates to ensure clean and sanitary living conditions. That's not in the inmate hand book. Where does it say that inmates are to clean up after other inmates. Yet if an inmate wants to be free from STAPh infections, Mersa, or Hepatitis, Lappe and Dile and all other Defendants put a cell on Lockdown. It's absurd. It makes no sense. There was alot more to this event, most of which we may never know but its beyond Reasonable doubt that all defendants violated the Rights of any and all Plantiff's.

6. Nathan Watson Failed to intervene. He was the housing officer onduty in the pod that gave permission for B4G1 to get the cleaning solution and to clean when the Recreation hours were being observed. Recreation takes places immediately after cell inspections. The cell was tidy and immaculent except for cleaning solutions necessary to clean a Filthy Shower and Shower Curtain. Watson by Failing to intervene joined in this conspiracy that he had to have known Existed because he to submitted the exact same Jail incident Supplement that seems to be well calculated and almost word for word verbatim which never happens. Nobody gives a word for word testament. All testaments vary. "These are common techniques" There are no variations in the paragraph structures. All of the last sentences are the same. These are common cover-up and conspiracy tactics. Watson saw Johnson on the Floor gasping for air and Failed, and with deliberate indifference, to

got Johnson the medical adequate medical treatment. Had Johnson died they would have stood by and just watched. Watson acted with the same deliberate indifference, and failed to act, and failed to intervene just as all the other defendants.

7. David Traylor, Brad Traylor, and B.G. Traylor (with Brad and B.G. Traylor possibly being the same person) they share similiar fates. If they were present and on duty at any time during this incident, then they too failed to intervene, and failed to act. They too acted with deliberate indifference to Johnson's medical needs as well as his safety and right to be free from the use and effects of excessive force. Brad Traylor on 1.15.2019 responded within 24 hours of breathing issues complained of by Johnson. At 3:29 pm on 1.14.2019 Johnson cried out for help because no one on sight would listen. This is the day of the incident. Traylor sends an response over the Kiosk, which can only be accessed during times when inmates are allowed in the day Room. If the cell is on lock down no recreation area is allowed (DayRoom) (Open air day Room). Johnson explained his main concern was coughing up blood and breathing issues. Johnson wanted to see a health care official. Not a nurse sick call that was routine that consisted of a nurse showing up. Looking at the inmate and charging him # 30 bucks without referral to a care provider. Johnson should have been afforded adequate health care. Brad Traylor passed the buck with deliberate indifference instead of contact the necessary staff and ensure Johnson health and safety was sustained. What can a housing officer do if all the

higher ranking officers are deliberately indifferent? If the housing officer calls medical and medical does not respond and compiling the degree of medical negligence practiced and tolerated with no consequence for their actions and at the cost of the inmates in their custody. B.G Traylor states in his Use of Force Status Tracking Report paragraph 3. "I agree with Sgt. Taylor that introducing the chemical agent into the cell and then an extraction team to gain control of inmate Tolbert was justified". Everyone noticed (Today is Jan 14th the time is now 6:25 am. Yesterday, January 13th at 11:44 am, the new Case Manager of my Dorm called Johnson-Plaintiff out to view the video evidence submitted by defendants and Johnson was allowed to take notes. This came after countless grievances and Johnson's previous case manager leaving the dorm.) that Tolbert was well prepared for this occasion. It's now overly obvious that Tolbert has had experience in this area. Everything Tolbert said to us inmates became obvious. He stated that Dile and Lappe are racist and they like inflicting pain on inmates. Dile more so than anyone. He was also willing to trust Lappe yet not Dile. Watson at the start of what is believed to be a 30 min video. Playing starts at 11:44 for Johnson in the Counselor's office.   11:44 Watson and Camera guy notice and comment on the floor and posture Tolbert has taken Tolbert explains he simply wants to talk about the deliberate indifference that Lappe, Dile, Watson and the Facility has to health and sanitation issues. He is inflamed for being locked down for taking the initiative to ensure that proper sanitation of his cell promotes a healthy living environment

For an over populated and under served class of inmates. Lappe had stated inmates should shut the fuck up and get in their cells for demanding that the grievances be heard. 11:47 Wait a minute let the guys talk to him to see if he will listen, (Paraphrase) voice ask for Captain at 11:48

Berry and Johnson continue to plead with Tolbert and he is starting to trust when Dile moves away from the door. Then when Dile comes to the Door. Tolbert gets uncomfortable and apprehensive.

11:48 Traylor or Taylor says cuff up and He will talk to Tolbert

11:49 Tolbert was motioning to cuff up Dile moves to induce 4 rounds into the cell at 11:49 and 30 seconds.

11:51 Tolbert applies water to his Mask and shows no affect from the 4 rounds. Inmates and Guards outside the cell begin to cough.

11:52 Tolbert applies more water to his Mask

11:53 Tolbert reaffirms willingness to speak to Taylor or Traylor

11:53 Johnson asks to leave the cell all defendants are deliberately indifferent and fails to act or fails to intervene

11:54 While Tolbert is still showing no effect, Johnson and other inmates are though, Dile springs at an opportunity to induce 3 more unnecessary rounds into this already rifled cell.

(Not Caring where the rounds went, indiscriminately)

11:55 Johnson is on the floor and cries out "I can't Breathe" and begins to cough up blood. Johnson recalls in this moment a loud pop in his knee, and sharp pin needle type of vibrations going down through his spine into his lower back with every cough. He is feeling faint and seeing the blood on the group makes him pray to God that this is not how he dies).

11:56 Traylor refuses to let anyone out and continues his rant.

11:57 Seabrook plead on behalf of Johnson as he looks at the puddle of blood Johnson is coughing up. (While watching the video Johnson has to fight back the tears because he can't believe that officer's he was left in the custody of, by elected officials, and the general public, did not seem to care if he lived or died. It was a scene of black inmates having to endure the social injustices, or privileged, white men of authority.) Traylor is deliberately indifferent to Johnson's and Seabrooks plea on Johnson's behalf.

11:57 Medical was informed that a guy (inmate) was down.

(Note).

11:58 At this time on the Radio you hear Josh Waters return from court. Josh Waters moves into the cell after the cell was alleged to be clean of the chemical agent. Johnson cant recall if Water's was moved into the cell the same day or days later but he immediately starts coughing and asks what is that smell.

Tolbert restarts his solo antics as he has the attention of the rest of the Pod that is locked down. Showing no affects still.

12:01 Gaved's are coughing Seabrook pleas on Johnsons behalf

12:02 Gaved cant breathe still coughing - outside the cell and in the day room. Johnson still on the ground begging for help from anyone who would listen no one cared.

12:04. Tolbert signs to Traylor Told you I would cuff up for you.... But Fuck you now too....

12:05 More water to Tolberts mask

12:08. Outside the POD where the whole entire scene is being watched by other staff and Medical the affects of the Pepper ball are Felt.

12:11 Tolbert still not affected
Coughing by onlookers outside the Pod
Tolbert say anybody but Dile could have came and got him but Dile. He did this before....

12:14 Video Ends.

Likewise At First glance at Traylors Review of the event on 3:15:19. It seems plausible. He states he "reviewed all the reports and video associated with this incident. Inmate Tolbert was causing a disturbance and disrupting the operations of the housing unit." For any one who knows B4. Tolbert's actions were normal and very rarely not tolerated. It's what the housing unit was known for. High Security troubled Black offenders A·Dorm was the Block for most White offenders. Not many blacks were in A dorm Block, and likewise not many whites were in B·Block.

Traylor seeks to use his platform to uphold the actions of his co-conspirator's by painting a picture that misleads the opinion of all who may question the actions of the Sheriff's. He uses the terms "He was also preparing to assault officer's if his cell was entered." That's not what Tolbert explained to the whole cell, nor is it what the officer's believed because I'm sure the officer's had the overhead intercom on during the whole process. They could hear every word said inside the cell. Tolbert had never been cited for fighting with officers, yet he had been the victim of the use of force he was scared of. Johnson is now Traumatized and equally afraid of Dile and Leppe, and all the Sheriff's in this complaint. None care about his health safety. Nor his life for that matter

8. All defendants are liable for deliberate indifference because, Sgt. Derek Lappe, Andrew Dile, Nathan Watson, David Taylor, Brad Taylor, B.G, Traylor-Incident Supervisor, Major Chad Ferguson, Brandon Feller, TABATHA Dougherty; They all either knew about the conduct and Facilitated it, approved it, condoned it, or turned a blind eye." Doe v. Purdue Univ, 928 F.3d 652, 664 (7th Cir. 2019) and likewise are all liable For the Intention(al) Infliction of Emotion(al) Distress

9. The Vanderburgh County Sheriff and its Major Chad Ferguson and it's Field Training Officer, Sgt. Brandon Feller are liable its established policies, practices and administrative rules, and it's Failure to impliment policies practices and administrative rules. All defendents employed by The Vanderburgh County Sheriff either Followed established police practices, policies, and administrative Rules and procedures that violated the rights of Johnson and all Plaintiff's, or The Vanderburgh County Sheriff Failed to establish policies, practices, and administrative Rules

10. Lt. Matt Corn is listed as a witness For the defendants, while plaintiff believes that all listed witnesses either knew about the conduct and Facilitated it, approved it, condoned it, or turned a blind eye. Plaintiff will allow the court to decide IF this is enough to add this defendant to the docket. Corn did have Responses to grievances and Falls into the same co-conspirator and deliberate indifference web at First glance. Further discovery may not exclude this defendant.

Plaintiff incorporates paragraphs 1-10 restates the same and adds:

11. The Vanderburgh County Sheriff is liable for all of it's policies, practices and administrative procedures that were relied upon, and likewise for failing to impliment policies, practices and administrative procedures, that violated the Constitutional Rights of Johnson and all other Plaintiffs, and likewise fail to impliment policies practices and procedures that ensure that the rights of Plaintiffs, and Johnson, and all class members were not, and will not be violated by, Negligence, Failure to act and or Intervene, deliberate indifference, inhumane treatment and conditions of confinement amplified by over population and gross under staffing to provide essential adequate health care, sanitation, and over all safety and well being to the inmates in its custody. Over population creates a nuisance that deprives other inmates of sleep, suitable living conditions, and increases the opportunity for violence and aggressive behavior. Over population takes a toll on every facet of day to day operations including but not limited to the volume of inmates that may need to be scheduled for medical treatment. The way medical responds to request for treatment and ultimately how long these processes take.

The process adds to the deliberate indifference standard. It sets the under tone that ultimately violated the rights of the Class. It has become obvious that The Vanderburgh County Sheriff has failed to ensure that it's employees and it's Contractor's are properly trained. The Vanderburgh County Sheriff violated the Rights of Johnson, each Plaintiff and every member of this class.


12. Quality Correctional Care and it's Tabatha Dougherty is liable for medical negligence and deliberate indifference. Johnson spoke to housing officers, other staff, then submitted a grievance on the Kiosk expressing breathing problems, on 1-16-2019 at 4:11:00 PM. On 1-20-2019 at 1:34:00 PM Tabatha Dougherty responds to the submission

"you will need to fill out written request form to be seen By nursing staff"
4 days to respond to a serious medical condition such as trouble breathing
is grossly negligent. Plaintiff now realizes that even the medical staff
could care less if it's black inmates lived or died in their custody.
Likewise any other member of this Class of any creed. Life Dismuke's
mother had to call up to the jail and speak with someone after he
was denied medical treatment and he had some type of serious
lung transplant or procedure. Quality Cares, policies, practices
and procedures that it implemented or failed to implement equally
caused the violations of the Plaintiff's, the Class, and Johnson's
8th Amendment Rights. Johnson still suffer's from shortness of breath.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff, Charles Johnson, pro se, Respectfully prays that this
court Enter judgement demanding a public apology via local news
media, and local news paper for the actions, and neglect of actions, surrounding
this incident. The Plaintiff, all other Plaintiff's and members of the Class, likewise
ask this court to Enter judgment granting Plaintiff's Charles Johnson and all
other Plaintiffs A declaration that the acts and omissions described herein
and Plaintiff's declaration which violated plaintiff's Rights under the Indiana
Constitution and laws of the Constitution of the United States. Award Compensatory
damages in the amount of not less than $100,000 against each
defendant, jointly and severly. Plaintiff believes that Sgt. Lappe
and Major Ferguson both should come together and publicly apologize.

Punitive damages in the amount of not less than #20,000 against Each defendant; A Jury trial on all issues triable by Jury; Plaintiff's cost in this suit; attorney fees, Filing Fees, court cost and for any Relief just and proper in this matter.

## Exhaustion of Administrative Remedies Procedure

The claims in this complaint arose while Plaintiff was confined in the Vanderburgh County Jail at 3500 N. Harlan Ave, Evansville IN 47711. The Plaintiff is uncertain as to if the Facility has a grievance process. Nor does the Plaintiff know if that process covers any such claims. The Plaintiff did however get on the kiosk and write out a grievance to the administration and did request copies of the grievances. Plaintiff was never spoken to about any remedies. After copies were given to Plaintiff, Lappe addressed the whole cell days later and instructed the cell to File suit. In the grievance Plaintiff alleged Lappe incited a Riot. He acted unprofessional and refused to speak with the Plaintiff to Remedy the situation before any actions were taken and injuries sustained.

Plaintiff has never brought an action or appeal in a court of the United States.

Dated: 1-17-2022

Respectfully Submitted

Plaintiff, pro se

# VERIFICATION

I have read the foregoing, complaint and hereby verify that the matters alleged therein are true to the best of my knowledge and recollection, except as to matters alleged on information and belief, and as to those, I believe to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at the New Castle Correctional Facility, IN on 1-17-2022

Charles Johnson

D.O.C. #270530
New Castle Correctional Facility
P.O. Box A
New Castle, IN 47362-1041

Further, AFFIANT Sayeth Naught

I hereby Swear and affirm under the penalties for perjury that the foregoing is true and correct to the best of my knowledge and belief.

1.18.2022

DATE

AFFIANT'S SIGNATURE

STATE OF INDIANA )
                       ) SS:
COUNTY OF HENRY )

MISTY M. CECIL
Notary Public, State of Indiana
Henry County
SEAL
Commission Number NP0647004
My Commission Expires
August 27, 2029

Subscribed and Sworn to before me, a Notary public this 18 day of January, 2022

Misty M. Cecil

NOTARY Public

COUNTY OF RESIDENCE:
My Commission Expires:

## CERTIFICATE OF SERVICE AND FILING

I hereby certify that on this 18ᵀᴴ day of January, 2022 the foregoing was filed with the Clerk of The United States District Court, Indianapolis Division

I also certify that on this 18ᵀᴴ day of January, 2022, the foregoing was served by personally handing the same to the appropriate staff at the New Castle Correctional Facility to be placed in the facilities prison legal mail system and deposited in the United States Mail-First-Class postage prepaid upon:

Clerk of the U.S. District Court
105 U.S. Court house
46 East Ohio Street
Indianapolis IN 46204

David L Johns
Jones · Wallace LLC
20 N.W. Third Street, Suite 400
P.O. Box 1065
Evansville IN 47706

Deonte Howard
1921 S. Elliott St.
Evansville IN 47713

Respectfully Submitted

Charles Johnson
D.O.C. #270530
New Castle Correctional Facility
P.O. Box A
New Castle IN 47362

Motion For Leave and Proposed Amended Complaint